# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KIESHA CHEATHAM ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL ACTION |
| ) | FILE NO. |
| DEKALB COUNTY, GEORGIA ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## COMPLAINT

### *JURISDICTION AND VENUE*

1.

The jurisdiction of this Court is invoked pursuant to **Title VII** of the Civil Rights Act of 1991, as amended, 42 U.S.C. §2000e-5(f)(3), 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(4).  Civil Rights Act of 1866, codified at 42 U.S.C. § 1981(§ 1981), brought pursuant to 42 U.S.C. § 1983, all as amended by the Civil Rights Act of 1991, the Civil Rights Act of 1871, codified at 42 U.S.C. § 1983(§ 1983), and Title VII, to remedy Plaintiffs' rights to be free from race and/or sex discrimination and retaliation under the United States Constitution, and Georgia state law. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331.

2.

The unlawful employment acts alleged herein took place within the Atlanta Division of the Northern District of Georgia.

3.

This suit is filed within ninety days of receipt of the relevant Right to Sue Notices from the Equal Employment Opportunity Commission, and all other conditions precedent to the institution of this lawsuit has been met.

*PARTIES*

4.

Plaintiff Kiesha Cheatham is a citizen of the United States, and at all relevant times has been a resident of Rex, Georgia, and thus of this Division and this District.

5.

Defendant DeKalb County, Georgia is a municipality that may be served by personally serving Lee May in his capacity as Interim C E O of DeKalb County at 1300 Commerce Drive, Decatur, GA 30030.

**6.**

Defendant employed fifteen or more employees for twenty or more weeks during the relevant calendar year, and otherwise meets all the jurisdictional and other requirements to be sued under **Title VII**.

## *STATEMENT OF FACTS*

7.

On or about October 16, 2012 Plaintiff witnessed the aftermath of fellow firefighters discriminating against a co-worker because of his disability when he was purposely given a food(onions) that he was allergic too, after making it known to the crew numerous time of his allergy.

8.

Plaintiff acted as a witness on his behalf and was interviewed by DeKalb County Police, a fact known to her supervisor and all firefighters in her station.

9.

Because of her participation in the investigation, on October 28, 2012, Plaintiff was transferred to another station, Station 17, where she began to be written up and harassed without cause.

10.

On or about November 21, 2012 Plaintiff had to speak with an Investigator from the District Attorney's Office in regards to her coworker being given onions. While the investigation was underway, all parties assigned to the station had a

meeting with the Assistant Chief of the Shift at Headquarters and she was excluded because she did not side with the perpetrators.

11.

On or about November 12, 2012 Plaintiff was given an written counsel for Excessive Absenteeism from Captain Mitchell even though she had documentation from a physician supporting her absences.

12.

After reviewing Plaintiff's documentation Captain Mitchell completed his portion of the grievance stating the Written Counsel should be dropped; however, on November 27, 2012 she was given a completed Grievance Form signed by my Chain of Command with the exclusion of Captain Mitchell.

13.

On January 20, 2013 Plaintiff received a written counseling for violating my chain of command for going to speak to the Operations Deputy chief about the harassment and discrimination even though DeKalb Policy states that a party can speak to anyone in their chain of command regarding discrimination.

14.

On or about February 1, 2013 Plaintiff had a meeting with the Department Chief Edward O'Brien in regards to the complaint of discrimination she filed. In this meeting she was threatened by Chief O'Brien. He stated "I am going to give the grievance back to you and let you decide on what to do about it, because if I go deeper into it you could be suspended for 30 days or worse. I'll let you decide. I took it easy on you because you have not been in any trouble before."

15.

Prior to the September incident Plaintiff had never been the subject of any discipline. Plaintiff filed a discrimination complaint with DeKalb County, GA on February 21, 2013 and the County failed to respond to the charge.

16.

Plaintiff was the only female officer at Station 17.

17.

Plaintiff's fellow male officers would defecate in the women's bathroom and refuse to flush to taunt her.

18.

Plaintiff was told the only thing women were good for at the station was cooking and administrative work.

19.

Plaintiff was also denied time off while other male medics were given leave.

20.

Plaintiff filed grievances and formal complaints which were never addressed by the County, and since making her EEOC complaint she has been forced to resign her position because of the toll the hostile environment had on her health.

21.

Upon resigning, the County failed to pay her back wages in accordance with their own policies and procedures.

22.

Plaintiff was discriminated against by Defendant because she was a woman and in retaliation for her opposition to a practice made unlawful by **Title VII**, and for participating in activities protected by **Title VII**.

## SUBSTANTIVE ALLEGATION COUNT ONE:

## RETALIATION IN VIOLATION OF TITLE VII

23.

Paragraphs 1 through 22 are incorporated herein by this specific reference.

24.

Defendant wrote Plaintiff up for unwarranted reasons and created a hostile work environment because she spoke out and participated in an investigation regarding the discriminatory actions taken against a fellow firefighter, in violation of Title VII's anti-retaliation provisions.

25.

Defendant's actions were willful, deliberate, and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff, in derogation of her federally protected rights including her right to Equal Protection under the law.

26.

As a consequence of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits of employment, in addition to considerable mental and emotional distress and diminished standing in the community.

## SUBSTANTIVE ALLEGATION COUNT TWO:

## GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

27.

Paragraphs 1 through 22 are incorporated herein by this specific reference.

28.

Defendant created a hostile environment and allowed male employees to harass Plaintiff based on her gender, in violation of Title VII, 42 U.S.C. §2000eet seq.

29.

Defendant's actions toward Plaintiff complained of herein were based on her gender in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964.

30.

Defendant's actions were willful, deliberate, and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff, in derogation of her federally protected rights including her right to Equal Protection under the law.

31.

As a consequence of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits of employment, in addition to considerable mental and emotional distress and diminished standing in the community.

## SUBSTANTIVE ALLEGATION COUNT THREE:

## GENDER DISCRIMINATION IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEEN AMENDMENT TO THE U.S. CONSTITUTION, PURSUANT TO 42 U.S.C. §1983

32.

Paragraphs 1 through 30 are incorporated herein by this specific reference.

33.

Defendant was denied the same benefits of employment given to male employees, in violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, pursuant to 42 U.S.C. §1983.

34.

Defendants' actions complained of herein were based on Plaintiff's gender in violation of Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, pursuant to 42 U.S.C. §1983.

35.

Defendants' actions were willful, deliberate, and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff, in derogation of her federally protected rights, specifically including her right to Equal Protection under the law.

36.

As a consequence of Defendants' unlawful conduct, Plaintiff has suffered lost wages and benefits of employment, in addition to considerable mental and emotional distress and diminished standing in the community.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(a) Take jurisdiction of this matter;

(b) Permanently enjoin Defendant from future retaliation for participating in investigations regarding discriminatory behavior;

(c) Permanently enjoin Defendants from discriminating on the basis of gender;

(d) Declare that Plaintiff's rights under Title VII and the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. §1983 have been violated by Defendants;

(e) Award Plaintiff all back pay and lost benefits resulting from Defendants' unlawful discrimination;

(f) Award Plaintiff pre-judgment interest;

(g) Award Plaintiff compensatory damages in an amount to be determined by the enlightened conscience of the jury to compensate Plaintiff for the mental and emotional distress she has suffered as a result of Defendants' discriminatory

conduct;

(i) Award Plaintiff punitive damages against Defendants;

(j) Award Plaintiff her costs and expenses of this action, including reasonable attorney's fees as authorized by law;

(k) Grant a trial by jury; and

(l) Award such other and further relief as the Court deems just and proper.

This 17th day of June 2014.                    Respectfully Submitted,

                                                                               /s/Deirdre M. Stephens-Johnson
Georgia Bar No. 678789

4567 Rockbridge Rd. #1537

Pine Lake, GA 30072

(404) 537-3002 phone

(404) 537-3003 fax

# EXHIBIT A

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Kiesha Cheatham**<br>**3276 Bells Landing Drive**<br>**Rex, GA 30273** | From: **Atlanta District Office**<br>**100 Alabama Street, S.W.**<br>**Suite 4R30**<br>**Atlanta, GA 30303** |

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2013-02908 | **Jose F. Quinones,**<br>**Investigator** | **(404) 562-6830** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

/s/ Bernice Williams-Kimbrough

**Bernice Williams-Kimbrough,**
**District Director**

MAR 2 1 2014

*(Date Mailed)*

Enclosures(s)

cc:   **Terry G. Phillips**
     **Senior Assistant County Attorney**
     **DeKalb County Law Department**
     **1300 Commerce Dr., 5th Floor**
     **Decatur, GA 30030**

     **Deirdre M. Stephens-Johnson, Esq.**
     **Attorney At Law**
     **4567 Rockbridge Rd. #1537**
     **Pine Lake, GA 30072**